IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILBERT M. SEWELL,

    **Petitioner,**

v.

UNITED STATES OF AMERICA,

    **Respondent.**                                   Case No. 06-cv-686-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is petitioner Wilbert Sewell's Motion Requesting Issuance of Certificate of Appealability ("COA") (Doc. 13). Sewell seeks to appeal the Court's Order (Doc. 11) denying his **§ 2255** Petition seeking to vacate his conviction and sentence.

When a petitioner is denied **§ 2255** relief by a district court, the final order in that proceeding will be reviewable by the court of appeals only when "a circuit justice or judge issues a certificate of appealability . . . ." **28 U.S.C. § 2253(c)(1)**. Finding that a COA is warranted requires that "the applicant [make] a substantial showing of the denial of a constitutional right." **28 U.S.C. § 2253(c)(2)**. Under **FEDERAL RULE OF APPELLATE PROCEDURE 22(b)**, when ruling on a Motion for Issuance of a COA, the district judge who rendered the judgment sought for review

on appeal "must either issue a certificate of appealability or state why a certificate should not issue." **FED. R. APP. P. 22(b)**. When the petitioner's Section 2255 Petition has been denied on the merits and not merely for procedural reasons, the Supreme Court has found that "the showing required to satisfy **§ 2253(c)** is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); *see also Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005)("[R]easonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.")(quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 123 S. Ct. 1029 (2003)(internal citation omitted)).

Although Sewell believes that a COA is warranted because "the district court overlook[ed] the constitutional claims raised by the petitioner, and appl[ied] a[n] incorrect standard in which to dismiss his petition under **§ 2255**," he has not given further argument to substantiate his argument. Instead, he requests an extension of time of thirty days to file a memorandum supporting his Motion for Issuance of COA.

The Court also notes that Sewell has not yet filed a Notice of Appeal, and is not certain as to whether one will be timely filed in accordance with **FEDERAL RULE OF APPELLATE PROCEDURE 4**. However, case law allows a district court to construe

a Motion for Certificate of Appealability as a Notice of Appeal as long as the requirements under **FEDERAL RULE OF APPELLATE PROCEDURE 3(c)** have been met. ***Bell v. Mizell*, 931 F.2d 444, 445 (7th Cir. 1991)(treating petitioner's application for certificate of probable cause[1] as a notice of appeal if application contained all the information that Rule 3(c) required in a notice of appeal)**. *See also Mitchell v. U.S.*, **No. 06-c-0497, 2006 WL 2850620 at \*1 (E.D. Wis. Oct. 4, 2006)(Adelman, J.)**. **Rule 3(c)** requires a notice of appeal to: (1) specify the parties taking the appeal, (2) designate the judgment or order being appealed; and (3) name the court to which the appeal is to be made. **FED. R. APP. P. 3(c)**. In his Motion, Sewell clearly indicates he is the party seeking to file an appeal and he also clearly indicates his intent to appeal the Court's order dismissing his **§ 2255** petition. Although he does not clearly state that he seeks to appeal the Court's order to the Seventh Circuit, the Court finds that this failure will not be fatal to meeting the **Rule 3(c)** requirements, as it can be inferred from his Motion that he wishes to appeal to the Seventh Circuit – the only court to which Sewell could appeal. ***See Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1125 (7th Cir. 1996)("Although designation of the court to which the appeal is taken is a mandatory requirement under Rule 3(c), the defect is not fatal where the intention to appeal to a certain court may be inferred from the notice and the defect has not misled the appellee . . . .**

---

[1] A "certificate of appealability" was also termed a "certificate of probable cause" before 1996. *See* **BLACK'S LAW DICTIONARY 239 (8th ed. 2004)**.

**[The] intent to appeal to this court is evidenced by the fact that, except in circumstances not applicable to this case, this is the only court to which Ortiz could have appealed."**).  Accordingly, Sewell's instant Motion should be construed as his Notice of Appeal.

A supporting memorandum would likely aid the Court in its determination of whether Sewell can make a showing under **28 U.S.C. § 2253** to warrant issuance of a COA,  Therefore, his request for an extension of time is **GRANTED**.  Sewell shall file his memorandum in support of his Motion for Issuance of a Certificate of Appealability by **February 8, 2008**.  Failure to timely file shall result in a denial of his Motion.  Further, pursuant to the Court's finding that case law allows the instant Motion to be construed as a Notice of Appeal the Clerk of the Court is directed to prepare a short record to submit to the United States Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED**.

Signed this 7th day of January, 2008.

/s/     *DavidRHerndon*
**Chief Judge**
**United States District Court**