# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILBERT M. SEWELL,**

    **Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**                  **Case No. 06-cv-686-DRH**

## <u>MEMORANDUM & ORDER</u>

**HERNDON, Chief Judge:**

Before the Court is petitioner Wilbert Sewell's Motion Requesting Issuance of Certificate of Appealability ("COA") (Doc. 13) and his supporting memorandum (Doc. 17).[1] Sewell seeks to appeal the Court's December 5, 2007 Order (Doc. 11) denying his **§ 2255** Petition seeking to vacate his conviction and sentence.

As the Court stated in a previous Order, issued on January 7, 2008 (Doc. 14), when a petitioner is denied **§ 2255** relief by a district court, the final order in that proceeding will be reviewable by the court of appeals only when "a circuit

---

[1] Previously, the Court granted Sewell and extension of time to file his supporting memorandum (Doc. 14). Further, in this January 7, 2007 Order, the Court found it could construe Sewell's Motion for Issuance of a COA as his Notice of Appeal (Doc. 14, p. 4), whereby the Clerk also filed the Motion as a "Notice of Appeal" on the docket and prepared a short record to submit to the Seventh Circuit Court of Appeals (Doc. 15).

justice or judge issues a certificate of appealability . . . ." **28 U.S.C. § 2253(c)(1)**.

Finding that a COA is warranted requires that "the applicant [make] a substantial

showing of the denial of a constitutional right." **28 U.S.C. § 2253(c)(2)**.  Under

**FEDERAL RULE OF APPELLATE PROCEDURE 22(b)**, when ruling on a Motion for

Issuance of a COA, the district judge who rendered the judgment sought for review

on appeal "must either issue a certificate of appealability or state why a certificate

should not issue." **FED. R. APP. P. 22(b)**.  When the petitioner's Section 2255

Petition has been denied on the merits and not merely for procedural reasons, the

Supreme Court has found that "the showing required to satisfy **§ 2253(c)** is

straightforward: The petitioner must demonstrate that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong."

***Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); *see also Dalton***

***v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005)("[R]easonable jurists could**

**debate whether (or, for that matter, agree that) the petition should have been**

**resolved in a different manner or that the issues presented were adequate to**

**deserve encouragement to proceed further.")(quoting *Miller-El v. Cockrell*, 537**

**U.S. 322, 336123 S. Ct. 1029 (2003)(internal citation omitted))**.

In his Motion, Sewell states that he is entitled to a COA because "the

district court overlook[ed] the constitutional claims raised by the petitioner, and

appl[ied] a[n] incorrect standard in which to dismiss his petition under **§ 2255**"

(Doc. 13).  As in his § 2255 Petition, Sewell again argues that a COA should issue

because he was denied his constitutional right to have an appeal filed on his behalf by his court-appointed counsel (regarding his underlying criminal case, No. 05-cr-30059-DRH). In the Seventh Circuit, an attorney's failure to heed a client's request to file an appeal results in constitutionally ineffective assistance of counsel *per* se, as it effectively amounts to attorney abandonment. ***Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir. 1994)**, ***See also Bradley v. United States,* 219 Fed. Appx. 587, 589 (7th Cir. 2007); *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (if, "but for counsel's deficient performance, [her client] would have appealed," *Strickland* prejudice is shown)**.

The Court's Order denying the § 2255 Petition examined whether Sewell actually instructed his counsel to file an appeal (Doc. 11, pp. 5-6). Under ***Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006)**, the Court found that Sewell's allegations must be supported by affidavit testimony demonstrating that his request to counsel for an appeal was not vague. ***Id.* ("It is the rule of this Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions.") (quoting *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996))**. Sewell submitted his supporting affidavit, stating, "After the district court imposed sentence counsel asked affiant if I wanted to appeal, and I specifically stated to counsel that I thought the sentence was unfair and that *if counsel thought a[n] appeal was warranted* that a[n]

appeal should be filed on my behalf" (Sewell Affidavit, Doc. 3) (Emphasis added).

However, the Court found Sewell did not clearly instruct his counsel to file an appeal

on his behalf, especially in light of his counsel's affidavit statement that she did not

recall him asking her to do so (*see* Doc. 11, p. 7, stating: "Thus, it appears Sewell

and his attorney discussed the possibility of an appeal, but that Sewell left it to his

counsel's discretion as to whether an appeal was warranted. Therefore, Sewell's own

sworn testimony undermines—rather than substantiates—his strident contention

that he explicitly instructed her to file an appeal and she failed to do so."). Thus, the

Court could not find there was ineffective assistance of counsel *per se*.

Finding that the circumstances presented the scenario where Sewell left

the decision to appeal at the discretion of counsel, the Court next examined whether

Sewell had an ineffective assistance of counsel claim to support his § 2255 Petition

under the **Strickland** standard. This standard requires a showing of professionally

unreasonable conduct coupled with a showing of prejudice. **Strickland v.

Washington**, **466 U.S. at 688, 691 (1984)**. The crux of Sewell's claim was that his

counsel failed to appeal regarding the issue of whether his state sentence for his

obstruction of justice conviction should have been credited as time served in

determining the federal sentence for his felony possession charge. Ultimately, the

Court found Sewell's counsel did not act unreasonably in choosing not to file an

appeal, as Sewell's underlying claim was without merit (Doc. 11, pp. 9-13).

Turning back to Sewell's Motion for Issuance of COA, he again asserts

that his counsel was ineffective *per se* for failing to appeal his federal sentence. He believes the Court's broad interpretation of the holdings in **Castellanos** and **Kafo** led it to the incorrect conclusion that Sewell had failed to specifically direct his counsel to file an appeal on his behalf regarding his federal sentence (Doc. 17, pp. 3-4). Rather, Sewell contends that **Castellanos** and **Kafo** only require that he "put forth specific facts that alleged her requested his attorney to file a[n] appeal" (*Id*. at 3). Because he, in his own words, is an "unskilled and untrained layman," Sewell believes the Court unfairly placed too much stock in his affidavit statement that he directed counsel to file an appeal at her discretion. Instead, Sewell asserts that because his affidavit also shows that he was unhappy with his sentence and thought it unfair, this should give the Court enough basis to find he expressed his desire for an appeal (or at least warrant an evidentiary hearing on the matter). Yet, because his affidavit *clearly* states that he directed counsel to file an appeal if she felt one was warranted, the Court cannot analyze this under an ineffective *per se* standard, as Sewell avers that the ultimate decision was in her discretion. Therefore, the **Strickland** standard is the appropriate measure here.

In his instant Motion, Sewell also argues that the Court incorrectly determined that there was no ineffective assistance of counsel under **Strickland**. The same arguments made in the instant Motion mirror the ones made in Sewell's § 2255 Petition, which the Court found unavailing. Basically, Sewell asserted that the time served for his state sentence for obstruction of justice should have been

applied towards or credited to his federal sentence, pursuant to **United States Sentencing Guideline ("U.S.S.G.") § 5G1.3(b)**.  Specifically, the Court stated, "Because Sewell cannot show that his state obstruction of justice charge was a basis for an increase in the offense level for his federal sentence under **§ 5G1.3(b)**, his argument that his federal sentence improperly fails to account for his state sentence is without merit" (Doc. 11, p. 12).  The Court continues to adhere to its holding.

In his instant Motion, Sewell also seems to assert that he should have been credited time for his state sentence pursuant to **U.S.S.G. § 5G1.3(c)**.  First, this is problematic as he never made this argument in his § 2255 Petition.  Second, subsection (c) of this guideline provision is applied at the Court's discretion.  This topic was essentially addressed in the Court's previous Order denying the § 2255 Petition in discussing the Court's application of sentencing factors under **18 U.S.C. § 3553(a)** (Doc. 11, pp. 12-13).  The Court could have used its discretion to make a downwards departure from the sentencing guidelines, but found it was unwarranted.  Therefore, even if analyzing Sewell's sentence under **U.S.S.G. § 5G1.3(c)**, as it places the decision within the Court's discretion, its determination remains unchanged in finding Sewell's original federal sentence to be proper under the law.

In sum, the Court is unconvinced that reasonable jurists would find Sewell's grounds "adequate to deserve encouragement to proceed further." ***Dalton, 402 F.3d at 738***.  For these reasons, the Court declines to issue a COA in this

matter as there has been no substantial showing that Sewell was denied a constitutional right.  Accordingly, Sewell's Motion for Issuance of COA (Doc. 13) pursuant to **28 U.S.C. § 2253(c)** is **DENIED**.  In accordance with **FEDERAL RULE OF APPELLATE PROCEDURE 22(b)**, the **Clerk of the Court** is hereby **DIRECTED** to send a copy of this Order to the United States Court of Appeals for the Seventh Circuit with Sewell's Notice of Appeal and the file of the district court proceedings on his § 2255 Petition (Case No. 06-cv-686-DRH).  Lastly, Sewell may now renew his Motion for Issuance of COA with the Seventh Circuit Court of Appeals.  **FED. R. APP. P. 22(b)**.

   **IT IS SO ORDERED**.

   Signed this 22nd day of February, 2008.

        /s/ *David R Herndon*

        **Chief Judge**
        **United States District Court**